**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-25306-Civ-TORRES

BEST MERIDIAN INSURANCE COMPANY,
a Florida corporation,

    *Plaintiff*,

v.

NEW LIFE PROPERTY MANAGEMENT
LLC, et al,

    *Defendants*.

_____/

***ORDER ON PLAINTIFF'S MOTION TO REMAND***

    This case is in federal court following remand by Defendant New Life in a purported attempt to delay state court foreclosure proceedings of specific real property. Plaintiff originally filed the foreclosure action in state court but Defendant filed for chapter 7 relief in the United States Bankruptcy Court for the Southern District of Florida shortly before the foreclosure sale. The bankruptcy case was quickly dismissed for New Life's failure to abide by numerous bankruptcy requirements including, including the fact that Defendant, a corporate entity, had not retained counsel.

The state court action resumed after that dismissal and a new sale date was scheduled. Shortly before the second sale date, Defendants New Life and Fernandez filed a Notice of Removal in this Court [D.E.1].

Plaintiff promptly filed a motion to remand the action, asserting numerous arguments of lack of subject matter jurisdiction and failure to state federal claims. Upon review of the record, the Court issued an Order to Show Cause on January 21, 2026 that Ordered Defendants to respond in writing why the case should not be remanded by default and based on the corporate Defendant's failure to retain counsel.[1]

---

[1] The Order provided:

"Upon review of the motion and record, Defendants failed to file a timely response to a motion to remand on multiple grounds, including lack of subject matter jurisdiction. The motion is thus due to be Granted by default under Local Rule 7.1. But additionally pro se Defendants filed this action, on behalf Somiro Fernandez individually and as member of a Limited Liability Corporation, New Life Property Mgmt. LLC, which entity is the subject of foreclosure proceedings in state court. Defendants are on notice, however, that Federal law requires that a corporation cannot appear pro se and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 609 (11th Cir. 1985); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506* U.S. 194, 201-02 (1993) ("[i]t has been the law for the better part of two centuries... that a corporation may appear in the federal courts only through licensed counsel."). An LLC is no exception to this rule. New Life has failed to comply with this Court's Order because it has neither. *See, e.g., In re 69 North Franklin Turnpike LLC*, 693 F. App'x 141, 143 (3d Cir. 2017) ("The LLC does not escape this rule merely because Wong is its managing member."). Accordingly, Defendants must show cause by January 28, 2026, why the motion should not be Granted and must do so in writing filed by legal counsel of record for at least the LLC entity.

Despite service of the Court's Order on Defendants [D.E. 12], Defendants never complied with the Court's Order. No notice of appearance has been filed by counsel appearing for the corporate entity, nor has any Response been filed that sets forth a basis why the motion to remand should not be granted as a result. Additional time has transpired since the original January 28 deadline, yet Defendants have still not complied with the Order.

Therefore, Defendants are in default of this Court's order. The Court has inherent power to enforce the Court's Orders, including through dismissal or striking of pleadings if appropriate. Here the more appropriate remedy is for the Court to grant the relief requested in the pending motion that is now an unopposed motion. That motion can be granted by default under Rule 7.1.

Moreover, the motion is warranted on its merits and this case should be remanded on that basis as well. *See Aurora Loan Servs., LLC v. Allen,* 762 F. App'x 625, 628 (11th Cir. 2019) (in the context of foreclosure proceedings, if a party has exhausted its opportunities for relief in state court, "either because the time for relief by motion or appeal has run, leave to appeal has been denied, or the state's highest court has rendered a judgment[,] . . . removal itself may be improper.") (quoting *Jackson v. Am. Sav. Mortg. Corp.,* 924 F.2d 195, 198-99 (11th Cir. 1991)).

The case will thus be remanded. As to Plaintiff's request for attorneys' fees, which has merit, the Court will decline to award fees at this time given the presence of unrepresented pro se parties in the case. Additionally, the Court would require additional proceedings in this jurisdiction to enforce such an order through entry of

Judgment, but that would undermine the purpose behind the statute in this instance, which is to enforce a speedy and efficient resolution of a federal action.  The better exercise of discretion is to simply Remand the entire action and Close this case.

The case is therefore **REMANDED** to the Clerk of the Court, Eleventh Judicial Circuit, Miami, Florida.  The action is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of February, 2026.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge